J-A26002-22

2023 PA Super 82

MARCELO AITA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
NCB MANAGEMENT SERVICES, INC. :
:
Appellant : No. 510 EDA 2022

Appeal from the Order Entered January 21, 2022
In the Court of Common Pleas of Bucks County Civil Division at No(s):
2019-00981

MARCELO AITA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellant :
:
:
:
v. :
:
:
:
NCB MANAGEMENT SERVICES, INC. : No. 615 EDA 2022

Appeal from the Order Entered January 21, 2022
In the Court of Common Pleas of Bucks County Civil Division at No(s):
2019-00981

BEFORE: BOWES, J., KING, J., and PELLEGRINI, J.[*]

OPINION BY PELLEGRINI, J.: **FILED MAY 15, 2023**

NCB Management Services, Inc. (NCB) and Marcelo Aita (Aita) cross-appeal from the order of the Court of Common Pleas of Bucks County (trial court) denying NCB's motion for summary judgment and granting Aita's cross-

_____

[*] Retired Senior Judge assigned to the Superior Court.

motion for summary judgment, which awarded Aita $60,000 in liquidated damages under the Wage Payment and Collection Law[1] (WPCL) for failure to timely pay his compensation when due. We affirm.

The pertinent facts are undisputed. Aita brought a suit against NCB for breach of contract and for liquidated damages for failing to timely pay wages pursuant to the WPCL. From June 9, 2008, until July 18, 2017, Aita was employed by NCB as its Chief Executive Officer. On December 29, 2014, the parties entered into a Private Sale Bonus Agreement (Agreement). The Agreement provided that Aita would be provided bonuses, including a retention bonus of $60,000 per month beginning on the first regular payroll date of January 2015 and continuing for 17 months thereafter, totaling $1,080,000 (Retention Bonus), provided that he remain with and provided services to NCB during each month preceding each installment payment.

NCB timely paid Aita the monthly Retention Bonus installments pursuant to the terms of the Agreement from January 2015 to July 2015, totaling $360,000. However, NCB failed to timely pay the remaining Retention Bonus installments totaling $720,000 from August 2015 to July 2016 pursuant to the terms of the Agreement.

In July 2017, NCB paid Aita all but one of the Retention Bonus installments due under the Agreement in one lump sum totaling $660,000

---

[1] Act of July 14, 1961, P.L. 637, 43 P.S. §§ 260.1–260.45.

plus six percent interest due thereon. In October 2017, NCB paid Aita the final Retention Bonus installment of $60,000.00 plus six percent interest due thereon.

On February 13, 2019, Aita filed a complaint against NCB for breach of employment contract and a violation of the WPCL seeking compensatory damages, liquidated damages and attorney's fees. NCB responded by filing preliminary objections. The trial court sustained NCB's objection as to the breach of contract and dismissed it with prejudice because Aita had been paid all that he was owed under the Agreement. The trial court overruled NCB's objection with respect to Aita's WPCL claim.

NCB then filed a motion for summary judgment contending that because all of Aita's wages were paid *before* the filing of the suit, Aita could not maintain his action because, under the WPCL, wages[2] had to be "payable" at the time of the filing of the suit. Aita responded and filed a cross-motion for summary judgment seeking $180,000, which is the 25 percent imposed under the WPCL as liquated damages of the untimely paid $720,000.

After argument, the trial court disagreed with NCB's interpretation of the WPCL and denied its motion for summary judgment:

> The untimely payments well exceeded both the expiration of the pay period as provided in the Agreement for payment of wages and the ten[-]day requirement of the employer to pay wage

---

[2] Bonuses are wages under the WPCL. 43 P.S. § 260.2a; **Hartman v. Baker**, 766 A. 2d 347, 353 (Pa. Super. 2000).

supplements under the WPCL. Therefore, the withholding and nonpayment of said payments beyond the WPCL's allowable time frames is a proper basis for Aita to assert a cause of action under the WPCL.

Once a contractual basis to compensation is established, a Plaintiff has a right to assert a cause of action for liquidated damages if said wages or wage supplements remain unpaid for a period of time.

. . . .

This court did not err in allowing Aita's liquidated damages claim without a claim for unpaid wages. As discussed above, Aita did have a claim for unpaid wages immediately following the WPCL's allowable period of time of delayed Bonus Retention installment payments. Still, said payments were at least thirteen months late, and well exceeded any thirty- or sixty-day allowable delay. The intent of the WPCL is to provide remedies not only for payments due under a contract but also, through the liquidated damages provision, to provide compensation for the loss of use of said wages.

Trial Court Opinion, 5/19/22, at 8-9, 12-13 (cleaned up).

The trial court granted Aita's cross-motion for summary judgment for liquidated damages for $60,000 rather than $180,000 because some of the missed payments were outside the WPCL's three-year statute of limitations:

[T]he three-year limit attached to each first regular payroll date from January 2015 and each regular payroll date for seventeen months thereafter. Aita filed the Complaint, commencing legal action, on February 13, 2019. Any Retention Bonus installment payment which became due and payable before February 13, 2016, was therefore, outside the statute of limitations.

*Id.* at 14. It also held that partial payments made that came after the statute had expired did not extend the statute of limitations under the

"acknowledgement doctrine" and allows the statute of limitations to be tolled or its bar removed by a partial payment because:

> NCB's final payments did not constitute a partial payment so as to infer a promise to pay liquidated damages. Aita does not cite to any place in the record where NCB acknowledged a duty to pay liquidated damages. Further, Aita's position is a contravention of public policy. The acknowledgement doctrine serves a very useful purpose to both parties in that the creditor receives payment on a debt that would otherwise be unenforceable and the debtor satisfies a moral obligation to make payments pursuant to a contract where no legal obligation exists, thereby bolstering the credibility of its business. To allow the tolling, employer debtors would be discouraged from acknowledging wages owed because of other corresponding interest or, in this case, liquidated damages.

*Id.* at 15-16 (citations omitted).

NCB timely appealed the award of the $60,000 in liquidated damages and Aita timely filed a cross appeal pursuant to Rule of Appellate Procedure 903 of the trial court's finding that $120,000 of his claim was time-barred.[3] Both NCB and Aita timely filed Rule 1925(b) concise statements. The trial court filed a single Rule 1925(a) opinion addressing both appeals.[4]

_____

[3] Aita filed a motion to reconsider for the full amount of liquidated damages requested in his motion for summary judgment, as well as a motion for an award of attorney's fees. NCB filed replies in opposition. The trial court did not rule on Aita's motions before the instant notices of appeal were filed.

[4] In reviewing orders granting summary judgment, our standard of review is *de novo* and our scope of review is plenary. ***Khalil v. Williams***, 278 A.3d 859, 871 (Pa. 2022). This Court has held "that a trial court should grant summary judgment only in cases where the record contains no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law." ***Id.*** (citation omitted). Both the trial court and the reviewing court must

*(Footnote Continued Next Page)*

Before we address the parties' contentions, a short review of the pertinent parts of the WPCL is necessary.

**I.**

The WPCL was enacted not just to ensure that an employee is paid his due wages; such a remedy already existed in the law through the filing of a civil action for breach of contract. *See Todora v. Jones & Laughlin Steel Corp.*, 450 A.2d 647, 649-50 (Pa. Super. 1982) (holding that the WPCL was not an exclusive remedy by which employees could recover unpaid wages and employees could bring an action in assumpsit for wages not paid which was not barred by the WPCL's three-year statute of limitations). Instead, recognizing that many employees live paycheck-to-paycheck and rely on regular wage payments to afford rent, mortgages or food, the General Assembly enacted the WPCL to provide a statutory remedy to ensure that employees are paid on their **regular payday**, and, if not timely paid, to make them whole by penalizing employers who fail to pay regular wages without good cause. It sought to accomplish that goal in several ways.

---

"view the record in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party." *Shellenberger v. Kreider Farms*, ___ A.3d ___, 2023 WL 29338, at *4 (Pa. Super. Jan. 4, 2023) (cleaned up). A reviewing court will reverse the trial court's summary judgment order "only where it is established that the court committed an error of law or abused its discretion." *Id.* (cleaned up).

First, 43 P.S. § 260.3 requires that all wages be paid on an employee's "[r]egular payday," providing in relevant part that:

> (a) . . . Every employer shall pay all wages, other than fringe benefits and wage supplements, due to his employees on **regular paydays** designated in advance by the employer . . . All wages, . . ., earned in any pay period shall be **due and payable** within the number of days after the expiration of said pay period as provided in a written contract of employment or, if not so specified, within the standard time lapse customary in the trade or within 15 days from the end of such pay period.

43 P.S. § 260.3(a) (emphasis added). Under this provision then, "payable" refers to when wages are "due" and not whether they were paid or unpaid.[5]

Second, the WPCL imposed liquidated damages, which are at issue here, when the regular payday is missed, *i.e.*, when wages are payable and not paid within the grace period, regardless of whether they are paid before an action under the WPCL is filed:

> Where wages remain unpaid for thirty days beyond the regularly scheduled payday, or, in the case where no regularly scheduled payday is applicable, for sixty days beyond the filing by the employee of a proper claim or for sixty days beyond the date of the agreement, award or other act making wages payable, or where shortages in the wage payments made exceed five percent (5%) of the gross wages payable on any two regularly scheduled paydays in the same calendar quarter, and no good faith contest or dispute of any wage claim including the good faith assertion of a right of set-off or counter-claim exists accounting for such non-payment, the employee shall be entitled to claim, in addition, as liquidated damages an amount equal to twenty-five percent

---

[5] "Due and payable" (of a debt) is defined as "owed and subject to immediate collection because a specified date has arrived or time has elapsed, or some other condition for collectability has been met." ***Black's Law Dictionary*** (11th ed. 2019).

(25%) of the total amount of wages due, or five hundred dollars ($500), whichever is greater.

43 P.S. § 260.10. Under this provision, if wages are not paid within the applicable time period, an amount equal to 25% of total wages due or $500, whichever is greater, is automatically added to the wages that were payable at the regularly scheduled payday unless an employer establishes a good-faith defense. The General Assembly provided for the imposition of liquidated damages to make employees whole following any harm or inconvenience that may arise because they could not meet their obligations when their wages were not paid when due and payable.

Third, because the General Assembly considered the failure to pay an employee on the regular payday to be so egregious, it also provided for a criminal penalty:

(a) The secretary or any employee, group of employees, labor organization or party to whom any type of wages is payable may institute prosecutions under this act.

(b) In addition to any other penalty or punishment otherwise prescribed by law, any employer who violates any provisions of this act shall be guilty of a summary offense and, upon conviction thereof, shall be punished by a fine of not more than three hundred dollars ($300), or by imprisonment up to 90 days, or by both, for each offense. The good faith contest or dispute by any employer of any wage claim or the good faith assertion of a right of set-off or counter-claim shall not be considered a violation of this act: Provided, That the employer has paid all wages due in excess of the amount in dispute or asserted to be subject to a right of set-off or counter-claim. Nonpayment of wages to, on account of, or for the benefit of each individual employee shall constitute a separate offense.

> (c) Where such employer is a corporation, the president, secretary, treasurer or officers exercising corresponding functions shall each be guilty of such summary offense.

43 P.S. § 260.11a.

Fourth, not only does the WPCL impose both civil and criminal remedies, but the statute also allows for the imposition of counsel fees to an employee who prevails on a claim. 43 P.S. § 260.9a(f) ("The court in any action brought under this section shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow costs for reasonable attorneys' fees of any nature to be paid by the defendant."). Our Supreme Court has held that the "award of attorney's fees to a prevailing employee in an action brought under the WPCL is mandatory because it promotes the statute's purpose to protect employees when employers breach a contractual obligation to pay wages." *Oberneder v. Link Computer Corp.*, 696 A.2d 148, 151 (Pa. 1997).

Finally, 43 P.S. § 260.9a(g) provides that no action "shall be instituted under the provisions of this act for the collection of unpaid wages or liquidated damages more than three years after the day on which such wages were due and payable."

So let's recap. The WPCL requires that wages be paid on the employee's regular payday, criminalizes failure to pay on that date, and if not paid within the grace period provided by statute absent a good-faith defense, imposes liquidated damages against the employer as well as reasonable attorney's fees

expended in pursuing the claim in an action brought within three years after such wages were due and payable.

Now to NCB's claims.

**II.**

The core of NCB's argument is that under the WPCL, an employee may not sue his employer for liquidated damages when no wages are due even when the wages were undisputedly untimely when they were paid. It argues that is so because the WPCL provides that "[a]ny employee or group of employees, labor organization or party to whom any type of wages is **payable** may institute actions provided under this act." 43 P.S. § 260.9a(a) (emphasis added). Because Aita's wages were paid, it argues that nothing was "payable" and no liquidated damages could be awarded. However this argument is not in accord with the statutory scheme or its legislative purpose.

While "payable" is not defined by the WPCL, "payable" denotes "when" something should be paid. *See* Payable, Black's Law Dictionary (11th ed. 2019) (including definitions of payable such as "[o]f a sum of money or a negotiable instrument that is to be paid"; "payable at call" as "[p]ayable immediately upon demand"; "payable at sight" as "[p]ayable immediately upon presentation"; "payable on demand" as "[p]ayable when presented or upon request for payment; payable at once at any time"). Within the meaning of 43 P.S. § 260.9a(a) then, an employee "to whom any type of wages is payable" means that an employee's wages are payable on his or her regular

payday, *i.e.*, once the statutory grace period has expired, and an action can be maintained for liquidated damages thereafter. This is in accord with the General Assembly's intent to fix a date when payment must be made and penalize employers for failure to do so. Thus, the WPCL provides for liquidated damages even if the wages are paid outside the grace period to further the statutory objective of ensuring that employees are paid on their regular payday.

Furthermore, NCB's position would effectively amend the grace period the General Assembly explicitly set forth in 43 P.S. § 260.10. Rather than imposing liquidated damages based on the unambiguous time periods outlined in the statute, NCB's argument would extend the grace period to the day before an employee filed an action to collect liquidated damages. An employer could drag its feet for months on end and escape liability for liquidated damages by finally paying the employee's due and payable wages immediately before the employee files suit. This outcome would be in direct contravention of this provision of the WPCL.[6]

_____

[6] 1 Pa. C.S. § 1922 provides:

> In ascertaining the intention of the General Assembly in the enactment of a statute the following presumptions, among others, may be used:

> * * *

*(Footnote Continued Next Page)*

NCB's interpretation is also not in accord with the legislative scheme because to interpret wages "payable" to mean wages "unpaid" is also at odds with 43 P.S. § 260.9a(g), which recognizes liquidated damages as a separate claim independent of a claim for unpaid wages:

> No administrative proceedings or legal action shall be instituted under the provisions of this act for the collection of **unpaid wages or liquidated damages** more than three years after the day on which such wages were due and payable as provided in sections [43 P.S. §§ 260.3 & 260.5].

43 P.S. § 260.9a(g) (emphasis added). Of course, the use of "or" in this provision carries its ordinary disjunctive meaning, indicating that an employee may bring a claim for liquidated damages without seeking unpaid wages or *vice versa*.[7]

Given all of this, the trial court correctly held that a claim for liquidated damages can be maintained separate and apart from whether there is still outstanding any claim for unpaid wages.

Now to Aita's appeal.

---

> (2) That the General Assembly intends the entire statute to be effective and certain.

[7] NCB also contends because the trial court correctly dismissed Aita's breach of contract on the basis that he was paid all the wages that were owed under the contract with interest, he cannot maintain a claim for liquidated damages under the WPCL. This appears to be a variation of its main argument that even though it admitted that wages were untimely under the WPCL, an action cannot be maintained for liquidated damages. As explained, liquidated damages are statutorily-imposed damages to compensate for late payment independent of contractual remedies. **See Todora**, **supra**.

**III.**

In his cross-appeal, Aita contends that the trial court erred in applying the three-year statute of limitations contained in 43 P.S. § 260.9(g) to reduce his liquidated damages from $180,000 to $60,000 because NCB's July 2017 $660,000 payment of all but one Retention Bonus installment "acknowledged" the debt was owed. That payment occurred less than two years before Aita filed his suit. The "acknowledgment doctrine" provides that if the debt is recognized as an existing obligation, a partial payment serves to restart the statute of limitations. *Citicorp North America, Inc. v. Thornton*, 707 A.2d 536, 538 (Pa. Super. 1998).

Here, while there is no dispute that the debt for underlying unpaid wages was "acknowledged" by the July 2017 payment, the trial court correctly found that Aita does not cite to any place in the record where NCB "acknowledged" a duty to pay liquidated damages under the WPCL. Trial Court Opinion, 5/19/22, at 15-16. To the contrary, NCB has consistently contested any obligation to pay liquidated damages, as evidenced by this appeal. Because the trial court did not err in holding that NCB never acknowledged a debt for liquidated damages under the WPCL, it properly denied relief on this claim.

Accordingly, for the foregoing reasons, the order of the trial court is affirmed.

Order affirmed.

Judge King joins the opinion.

Judge Bowes files a dissenting opinion.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/15/2023