J-A26002-22

2023 PA Super 82

MARCELO AITA                          :    IN THE SUPERIOR COURT OF
                                      :         PENNSYLVANIA
                                      :
        v.                            :
                                      :
                                      :
NCB MANAGEMENT SERVICES, INC.         :
                                      :
        Appellant                     :    No. 510 EDA 2022

Appeal from the Order Entered January 21, 2022
In the Court of Common Pleas of Bucks County Civil Division at No(s):
2019-00981

MARCELO AITA                          :    IN THE SUPERIOR COURT OF
                                      :         PENNSYLVANIA
        Appellant                     :
                                      :
                                      :
                                      :
        v.                            :
                                      :
                                      :
NCB MANAGEMENT SERVICES, INC.         :    No. 615 EDA 2022

Appeal from the Order Entered January 21, 2022
In the Court of Common Pleas of Bucks County Civil Division at No(s):
2019-00981

BEFORE:   BOWES, J., KING, J., and PELLEGRINI, J.*

DISSENTING OPINION BY BOWES, J.:                    **FILED MAY 15, 2023**

        In this cross-appeal, NCB argues that Aita could not institute an action

for liquidated damages once he was paid because, at that time, he was no

longer someone to whom any wages were payable. The Majority rejects this

argument as "not in accord with the statutory scheme or its legislative

_____

* Retired Senior Judge assigned to the Superior Court.

purpose." Majority at 10. Since I conclude that under the plain language of the statute, a plaintiff must be due wages at the time of filing a suit pursuant to the WPCL in order to sustain an action seeking either unpaid wages or unpaid wages plus liquidated damages, I respectfully dissent.

The crux of the parties' dispute and my disagreement with the Majority concerns the statutory interpretation of the WPCL. This Court's standard of review for issues involving statutory interpretation is well-settled:

> When the question is one of statutory interpretation, our scope of review is plenary and the standard of review is *de novo.* Under the Statutory Construction Act of 1972, our paramount interpretative task is to give effect to the intent of our General Assembly in enacting the particular legislation under review. We are mindful that the object of all statutory interpretation is to ascertain and effectuate the intention of the General Assembly and the best indication of the legislature's intent is the plain language of the statute. When the words of a statute are clear and unambiguous, we may not go beyond the plain meaning of the language of the statute under the pretext of pursuing its spirit. [O]nly when the words of the statute are ambiguous should a reviewing court seek to ascertain the intent of the General Assembly[.]

*In re D.M.W.*, 102 A.3d 492, 494 (Pa.Super. 2014) (cleaned up). A term is ambiguous if, "when read in context with the overall statutory framework in which it appears, [it] has at least two reasonable interpretations[.]" *Snyder Bros., Inc. v. Pennsylvania Pub. Util. Comm'n*, 198 A.3d 1056, 1073 (Pa. 2018) (citation omitted). Crucially, "[i]t is axiomatic that in determining legislative intent, all sections of a statute must be read together and in conjunction with each other, and construed with reference to the entire

- 2 -

statute." ***Penn Jersey Advance, Inc. v. Grim***, 962 A.2d 632, 634 (Pa. 2009) (cleaned up).

As is the case in any appeal concerning statutory interpretation, I begin with the plain language of the statute.[1]  The pertinent section, § 260.9a, was added to the WPCL in 1977 to address civil remedies and penalties.  It provides as follows:[2]

> (a) Any employee or group of employees, labor organization or party to whom any type of wages is payable may institute actions provided under this act.

> (b) Actions by an employee, labor organization, or party to whom any type of wages is payable to recover unpaid wages and liquidated damages may be maintained in any court of competent jurisdiction, by such labor organization, party to whom any type of wages is payable or any one or more employees for and in behalf of himself or themselves and other employees similarly situated, or such employee or employees may designate an agent

---

[1] The Majority begins its analysis with, and places much stock in, the intent behind the WPCL.  ***See*** Majority at 6.  However, it is axiomatic that the proper starting point is the plain language of the statute.  ***See***, ***e.g.***, ***Koken v. Reliance Ins. Co.***, 893 A.2d 70, 81 (Pa. 2006) ("Generally, the best indication of legislative intent is the plain language of the statute.  Thus, it is well settled that when the words of a statute are clear and unambiguous, they are not to be disregarded under the pretext of pursuing its spirit." (cleaned up)).  Were I to reach the intent behind the WPCL, however, I would echo this Court's prior agreement with the following observation of the Third Circuit Court of Appeals:  "This court has also attempted to review the legislative history of the [WPCL] to further determine the purposes underlying the law.  Unfortunately, there are no substantive remarks included in the history of this law which would instruct this court." ***Braun v. Wal-Mart Stores, Inc.***, 24 A.3d 875, 954 n.25 (Pa.Super. 2011) (quoting ***Barnhart v. Compugraphic Corp.***, 936 F.2d 131, 134 n.5 (3d Cir.1991)).

[2] The WPCL uses only one "e" at the end of the word employee throughout its provisions.  I modify the text in my discussion to employ the more common spelling.

or representative to maintain such action or on behalf of all employees similarly situated. Any such employee, labor organization, party, or his representative shall have the power to settle or adjust his claim for unpaid wages.

(c) The employee or group of employees, labor organization or party to whom any type of wages is payable may, in the alternative, inform the secretary of the wage claim against an employer or former employer, and the secretary shall, unless the claim appears to be frivolous, immediately notify the employer or former employer of such claim by certified mail. If the employer or former employer fails to pay the claim or make satisfactory explanation to the secretary of his failure to do so within ten days after receipt of such certified notification, thereafter, the employer or former employer shall be liable for a penalty of ten percent (10%) of that portion of the claim found to be justly due. A good faith dispute or contest as to the amount of wages due or the good faith assertion of a right of set-off or counter-claim shall be deemed a satisfactory explanation for nonpayment of such amount in dispute or claimed as a set-off or counter-claim. The secretary shall have a cause of action against the employer or former employer for recovery of such penalty and the same may be included in any subsequent action by the secretary on said wage claim or may be exercised separately after adjustment of such wage claim without court action.

(d) In any civil action brought under the provisions of this act, the Secretary of Labor and Industry may require the employer to post bond or security to secure payment of the entire claim of the employee with credit in the amount of any good faith assertion of a right of set-off or counter-claim. Such bond or security shall be posted in the court where the civil action is brought. The request for bond or security shall be signed by the secretary and shall provide that such bond or security in the amount stated shall be posted within 30 days of service thereof on the employer. If such bond or security is not posted within the 30-day period, the employer will be deemed to have admitted his liability and execution may immediately ensue.

(e) If the secretary determines that wages due have not been paid and that such unpaid wages constitute an enforceable claim, the secretary shall, upon the request of the employee, labor organization or party to whom any type of wages is payable, take an assignment in trust, from the requesting party of such claim

for wages without being bound by any of the technical rules respecting the validity of any such assignments and may bring any legal action necessary to collect such claim, subject to the right by the employer to set-off or counter-claim against the assigning party. Upon any such assignment, the secretary shall have the power to settle and adjust any such claim to the same extent as might the assigning party.

(f) The court in any action brought under this section shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow costs for reasonable attorneys' fees of any nature to be paid by the defendant.

(g) No administrative proceedings or legal action shall be instituted under the provisions of this act for the collection of unpaid wages or liquidated damages more than three years after the day on which such wages were due and payable as provided in sections 3 and 5.

43 P.S. § 260.9a (footnote omitted). With respect to liquidated damages, the

WPCL further provides in § 260.10 as follows:

Where wages remain unpaid for thirty days beyond the regularly scheduled payday, or, in the case where no regularly scheduled payday is applicable, for sixty days beyond the filing by the employee of a proper claim or for sixty days beyond the date of the agreement, award or other act making wages payable, . . . and no good faith contest or dispute of any wage claim including the good faith assertion of a right of set-off or counter-claim exists accounting for such non-payment, the employee shall be entitled to claim, **in addition**, as liquidated damages an amount equal to twenty-five percent (25%) of the total amount of wages due, or five hundred dollars ($500), whichever is greater.

43 P.S. § 260.10 (emphasis added).

In applying this statutory scheme to the facts at hand, both parties rely

on this Court's decision in *Yablonski v. Keevican Weiss Bauerle & Hirsch*

*LLC*, 197 A.3d 1234 (Pa.Super. 2018). NCB argues that *Yablonski* "confirms

that liquidated damages due to an employee are based on the amount of

wages that are owed when the plaintiff is forced to resort to the courts to recover that which he previously earned." NCB's brief at 25. On the other hand, Aita contends that **Yablonski** stands for the proposition that once the violation of the WPCL has occurred, later correction by the employer does not extinguish the claim for liquidated damages." Aita's brief at 7.

The learned Majority does not address **Yablonski**. I, on the other hand, find it instructive. In **Yablonski**, this Court considered, *inter alia*, the appropriate amount of liquidated damages where the employer, KWBH, made partial payments towards the wages that were payable to Yablonski **after** the WPCL suit was initiated. KWBH argued that "the trial court erred by awarding liquidated damages based upon the amount claimed in the amended complaint because after Yablonski filed the amended complaint, KWBH and Yablonski entered into a settlement agreement reducing the amount of claimed wages." **Yablonski**, **supra** at 1241. In other words, KWBH contended that § 260.10 requires that liquidated damages be calculated based upon the amount due, and since some of the amount due had been paid following initiation of the suit, the liquidated damages should only be based upon the amount still owed. **Id**.

This Court disagreed with KWBH's argument:

[B]ecause the WPCL provides for liquidated damages when wages remain unpaid thirty days past payday, paying the May-August 2016 wages in December 2016 did not eliminate KWBH's liability pursuant to [§] 260.10. KWBH's argument ignores the trial court's explicit finding that **at the time Yablonski filed his amended complaint, KWBH owed Yablonski all of the**

**wages he claimed, plus interest.** The only reason Yablonski was not awarded $63,949.91 at trial was because KWBH had already paid him $7,336.13 prior to trial, but that payment does not change the fact that $63,949.91 of wages plus interest were overdue pursuant to [§] 260.10. Therefore, the trial court did not err in awarding Yablonski 25% of $63,949.61 as liquidated damages.

*Id*. at 1242 (citation omitted). Thus, we affirmed the trial court's award of liquidated damages for the amount claimed in the complaint because Yablonski was owed those wages, plus interest, at the time he filed the complaint. Later payment did not extinguish his entitlement to that relief.

Here, Aita was not owed any wages at the time he filed his complaint. Indeed, because Aita had already been paid, with interest, at the time he initiated the instant suit, he solely sought liquidated damages under the WPCL. The Majority finds that liquidated damages comprise a separate claim apart from unpaid wages based upon § 260.9a(g), which provides as follows: "No administrative proceedings or legal action shall be instituted under the provisions of this act for the collection of unpaid wages or liquidated damages more than three years after the day on which such wages were due and payable as provided in sections 3 and 5."[3] 43 P.S. § 260.9a(g) (footnote omitted). I disagree.

_____

[3] The Majority places great weight on the ordinary usage of "or" to support its conclusion. **See** Majority at 12. While I believe that reading the WPCL as a whole provides sufficient clarity on this issue, I note that, if it did not, ambiguity may arise when "or" is used to separate nouns in a sentence involving prohibition. **See** Kenneth A. Adams & Alan S. Kaye, *Revisiting the*
*(Footnote Continued Next Page)*

Reading all sections of the WPCL together, our courts have interpreted the provisions for civil remedies and liquidated damages such that "the statute's liquidated damages provision is **available to only a subset of those prevailing plaintiffs** who can also prove that they are entitled to damages as a result of an employer having no good faith defense to wages remaining unpaid for a set amount of time under the statute." ***Andrews v. Cross Atl. Cap. Partners, Inc.***, 158 A.3d 123, 136 (Pa.Super. 2017) (*en banc*) (emphasis added).  As this Court has explained,

> The WPCL is **not only a vehicle for recovery of unpaid wages**; it also provides for damages in the event an employer withholds compensation in the absence of good faith.  43 P.S. § 260.10. Thus, for instance, if an employer withholds wages based on a dispute with the employee that would result in a set-off, the employer's reliance on the set-off must be held in good-faith.  ***Id***.  Otherwise, the employee is entitled to **additional**, liquidated damages pursuant to the statute[.]

***Thomas Jefferson Univ. v. Wapner***, 903 A.2d 565, 574 (Pa.Super. 2006) (emphases added).

Thus, in context, § 260.9a(g) merely provides that, beyond the statute of limitations period provided, (1) proceedings shall not be instituted for unpaid wages withheld in good faith, and (2) proceedings shall not be instituted for unpaid wages withheld in the absence of good faith and the commensurate additional liquidated damages.  It does not support a separate

---

*Ambiguity of "And" and "Or" in Legal Drafting*, 80 St. John's L. Rev. 1167, 1184 (2006).

cause of action solely for liquidated damages. Indeed, based upon the plain language of the statute and this Court's interpretation thereof, to be entitled to liquidated damages, a plaintiff must first be eligible to file an action pursuant to the WPCL.[4]

In determining whether Aita was eligible to file an action under the WPCL, I again begin with the plain language of the statute. Section 260.9a(a) provides that actions may be filed under the WPCL by any employee "to whom any type of wages is payable[.]" 43 P.S. § 260.9a(a). Our courts have not interpreted "payable" in the WPCL context and our legislature chose not to include a definition for "payable" within the definitions section of the WPCL. **See** 43 P.S. § 260.2a. As observed by the Majority, Black's Law Dictionary defines "payable" as "(Of a sum of money or a negotiable instrument) that is to be paid. . . . An amount may be payable without being due. Debts are commonly payable long before they fall due." PAYABLE, ***Black's Law Dictionary*** (11th ed. 2019).

The Majority posits that "'payable' denotes 'when' something should be paid." Majority at 10 (citation omitted). Based upon this premise, the Majority

---

[4] While not binding, it bears mentioning that the Department of Labor and Industry has interpreted the WPCL in the same fashion, namely, as providing that "[a]ny employee or group of employees, labor organization or party to whom any type of wages is payable may take legal action to recover wages due **plus** liquidated damages." Summary of the WPCL, Department of Labor and Industry, https://www.dli.pa.gov/Individuals/Labor-Management-Relations/llc/Documents/llc-2.pdf (emphasis added).

concludes that "'to whom any type of wages is payable' means that an employee's wages are payable on his or her regular payday, *i.e.*, once the statutory grace period has expired, and an action can be maintained for liquidated damages thereafter." *Id*. at 10-11. Indeed, the Majority states, without citation to any authority, that liquidated damages are available "regardless of whether they are paid before an action under the WPCL is filed[.]" *Id*. at 7.

I cannot agree. Had the legislature intended this interpretation, it could have written § 260.9a(a) in the past tense, to provide for an action to be available to any party to whom any type of wages were payable or "had been payable." Instead, the legislature chose to write it in the present tense: "Any employee . . . or party to whom any type of wages **is payable** may institute actions provided under this act." 43 P.S. § 260.9a(a) (emphasis added).

Moreover, the term "payable" must be read in conjunction with the remainder of the act, which makes it clear that actions may be brought only when wages remain unpaid as demonstrated by the following pertinent subsections:

> (a) Any employee or group of employees, labor organization or party **to whom any type of wages is payable** may institute actions provided under this act.
>
> (b) **Actions by an employee, labor organization, or party to whom any type of wages is payable to recover unpaid wages and liquidated damages may be maintained in any court of competent jurisdiction**, by such labor organization, party to whom any type of wages is payable or any one or more employees for and in behalf of himself or themselves and other

employees similarly situated, or such employee or employees may designate an agent or representative to maintain such action or on behalf of all employees similarly situated. Any such employee, labor organization, party, or his representative shall have the power to settle or adjust his claim **for unpaid wages.**

(c) The employee or group of employees, labor organization or party to whom any type of wages is payable may, in the alternative, inform the secretary of the wage claim against an employer or former employer, and the secretary shall, unless the claim appears to be frivolous, immediately notify the employer or former employer of such claim by certified mail. **If the employer or former employer fails to pay the claim or make satisfactory explanation to the secretary of his failure to do so** within ten days after receipt of such certified notification, thereafter, the employer or former employer shall be liable for a penalty of ten percent (10%) of that portion of the claim found to be justly due. A good faith dispute or contest as to the amount of wages due or the good faith assertion of a right of set-off or counter-claim shall be deemed a satisfactory explanation for nonpayment of such amount in dispute or claimed as a set-off or counter-claim. The secretary shall have a cause of action against the employer or former employer for recovery of such penalty and the same may be included in any subsequent action by the secretary on said wage claim or may be exercised separately after adjustment of such wage claim without court action.

(d) In any civil action brought under the provisions of this act, the Secretary of Labor and Industry **may require the employer to post bond or security to secure payment of the entire claim of the employee** with credit in the amount of any good faith assertion of a right of set-off or counter-claim. Such bond or security shall be posted in the court where the civil action is brought. The request for bond or security shall be signed by the secretary and shall provide that such bond or security in the amount stated shall be posted within 30 days of service thereof on the employer. If such bond or security is not posted within the 30-day period, the employer will be deemed to have admitted his liability and execution may immediately ensue.

(e) **If the secretary determines that wages due have not been paid and that such unpaid wages constitute an enforceable claim**, the secretary shall, upon the request of the employee, labor organization or party to whom any type of wages

is payable, take an assignment in trust, from the requesting party of such claim for wages without being bound by any of the technical rules respecting the validity of any such assignments and **may bring any legal action necessary to collect such claim**, subject to the right by the employer to set-off or counter-claim against the assigning party. Upon any such assignment, the secretary shall have the power to settle and adjust any such claim to the same extent as might the assigning party.

43 P.S. § 260.9a (emphases added).

If the WPCL, which has not been amended since 1977, meant to provide a mechanism for setting forth claims whenever an employee is paid late, it would stand to reason that such a case would have made its way to our appellate courts before now. The Majority does not cite any such case, and my research has revealed none. The passage of nearly fifty years without the occurrence of any instance where an employee **instituted** a WPCL action in our courts **after** being paid all outstanding late wages suggests the WPCL was not intended to operate in this fashion and need not do so in order to accomplish its goals.[5]

_____

[5] I note that my research revealed two federal cases of limited value. One case apparently proceeded to trial in federal court based upon a WPCL claim for liquidated damages where the "[d]efendants had fully paid the claimed back wages by the time this case was filed, leaving only the propriety of liquidated damages at issue." *Bair v. Purcell*, No. 1:04-CV-1357 (M.D.Pa. Aug. 17, 2010) (memorandum disposing of plaintiffs' motion for attorneys' fees). I note that "[w]e are not bound by federal district court opinions interpreting Pennsylvania law, but may use them for guidance where their analysis is sound." *Duquesne Light Co. v. Pennsylvania Am. Water Co.*, 850 A.2d 701, 705 n.2 (Pa.Super. 2004) (citation omitted). Indeed, outside of this sentence, the court does not discuss the propriety of pursuing solely a
*(Footnote Continued Next Page)*

Indeed, this Court has held that "the WPCL is intended to provide a vehicle for successful plaintiffs to be compensated for **unpaid back wages**

_____

liquidated damages claim under the WPCL when no wages are due, and thus there is no pertinent analysis, sound or otherwise. Accordingly, this case provides zero guidance on the issue presently before this Court.

The other case of minimal persuasive value is a recent federal decision addressing whether a plaintiff was barred from adding a WPCL claim to a lawsuit after the parties had reached a settlement agreement regarding the underlying breach of contract claim, which included the defendant satisfying the unpaid back wages. Despite the back wages being satisfied before the complaint was amended to add the WPCL claims, the court noted that at that time, plaintiff "was still owed additional salary continuation payments by [the defendant] such that he was undoubtedly a 'party to whom any type of wages is payable.' Hence, the statute authorizes him to bring an action to 'recover unpaid wages and liquidated damages.'" ***Viancourt v. Paragon Wholesale Foods Corp.***, No. CV 20-628 (W.D.Pa. Mar. 31, 2023) (cleaned up). In its discussion, the court found the plaintiff was not barred from asserting its WPCL claim for liquidated damages because the defendant did not cite any authority that a plaintiff can waive a WPCL claim by settling the underlying breach of contract claim, nor did it present evidence that the parties intended for the settlement to preclude a WPCL claim, and WPCL claims may not be waived by private agreement. ***See id***.

In its discussion, the ***Viancourt*** court noted that the plaintiff cited ***Bair***, ***supra*** in support of his ability to amend the petition to raise a WPCL claim after having been paid for the back wages. This mere mention of ***Bair*** did not impact the court's holding in the least bit. Rather, the court held that the WPCL claim for liquidated damages was not barred because the plaintiff was authorized to bring a WPCL action as he was still owed other types of wages, and the settlement regarding the back wages did not bar pursuing a WPCL claim for liquidated damages pertaining to those back wages. In other words, the plaintiff was due wages at the time he filed the suit and he could therefore pursue liquidated damages. Insofar as ***Viancourt*** holds any persuasive hold over this Court, it aligns with my interpretation that a plaintiff must first be eligible to file an action under the WPCL before seeking liquidated damages.

based upon an existing contractual obligation[.]" *Andrews*, *supra* at 136; *see also Ely v. Susquehanna Aquacultures, Inc.*, 130 A.3d 6, 13 (Pa.Super. 2015) ("[T]he primary goal of the WPCL is to make whole again employees whose wages were wrongfully withheld by their employers." (cleaned up)); *Braun*, *supra* at 897 ("The WPCL is a statute permitting employees to recover unpaid wages." (citation omitted)); *Belcufine v. Aloe*, 112 F.3d 633, 635 (3d Cir. 1997) ("The WPCL arms Pennsylvania employees with a statutory vehicle for the collection of unpaid wages and benefits and provides for penalties to be imposed for non-compliance.").

Ascribing to the statutory language of § 260.9a(a) its plain and ordinary meaning, I find the legislature's intent is clear and unambiguous. An employee may file an action under the WPCL if there are any type of wages payable to him, that is, any type of wages that are "to be paid" to him. *See* PAYABLE, *Black's Law Dictionary* (11th ed. 2019). Stated yet another way, an employee may file an action under the WPCL if there are any type of wages that are outstanding at the time a suit is initiated.

However, if no suit has yet been initiated and an employer pays the outstanding wages, at that point there are no longer any wages to be paid, such that the employee is no longer one "to whom any type of wages is payable[.]" 43 P.S. § 260.9a(a). Indeed, under such circumstances the employee has been made whole and, thus, no longer needs to resort to the courts to obtain full payment. *See Andrews*, *supra* at 136 (noting that "the

- 14 -

WPCL is intended to provide a vehicle for successful plaintiffs to be compensated for unpaid back wages based upon an existing contractual obligation"). Phrased simply, wages are not payable if they have already been paid.

I maintain that my interpretation is consistent with the WPCL's purpose while not expanding the scope of the WPCL beyond the relief explicitly provided. As noted by the Majority, the WPCL requires employers to pay their employees on time. If an employer fails to do that, an employee may file an action under the WPCL and, if the employer withheld wages without good reason, the employee may seek liquidated damages to cover those unexpected losses incurred as a result of the late payment.

Additionally, the employee will be able to recover attorneys' fees so that the award of their unpaid wages will not be immediately lost in paying for the attorney who brought the claim to obtain those unpaid wages. This mandatory entitlement to attorneys' fees is the mechanism by which our legislature sought to ensure that such employees, *i.e.*, those who have to resort to the courts in order to be paid, are made whole again. **See Grimm v. Universal Med. Servs., Inc.**, 156 A.3d 1282, 1290 (Pa.Super. 2017) ("[T]he primary goal of the WPCL is to make whole again employees whose wages were wrongfully withheld by their employers. Consequently, to ensure that employees who are successful in their actions against an employer are made whole again, the statute mandates an award of attorneys' fees in addition to

any judgment awarded to a plaintiff." (cleaned up)); *id*. at 1291 n.9 ("The award [of attorneys' fees] clearly supports the purpose of the WPCL; namely, permitting [the employee] to collect the severance payment which he was owed without causing him to incur the costs associated with the collection." (cleaned up)). In addition, those employees whose wages were withheld without a good-faith reason may seek liquidated damages, regardless of whether the employer pays the wages due after the filing of the WPCL complaint.

Indeed, the mandatory nature of attorneys' fees in this context further supports my interpretation of the term "payable":

> After considering § 260.9a(f) in the context of the entire statute, keeping in mind the statute's purpose of protecting employees and the remedial relief it seeks to provide, we conclude that the legislature intended a mandatory award of attorneys' fees for a plaintiff who prevails on a claim pursued under the Act. This interpretation is consistent with the general import of the statute, and goes to the very essence of its goal of making an employee whole again. Otherwise, employees who are unjustly deprived of their wages by their employers may be deterred from filing suit because of burdensome legal costs. Similarly, employees who do file suit and are successful would be subjected to payment of a substantial part of their award (which represents earned compensation) as attorneys' fees. This would clearly undermine the intent of the statute; because employees who are unable to retain their wages will not be made whole. Without an award of attorneys' fees the end result would be only a partial recovery under the statute. Therefore, under the WPCL, an employee who has prevailed on a claim for **past wages due**, is entitled to attorneys' fees as a matter of entitlement.

*Oberneder v. Link Computer Corp.*, 674 A.2d 720, 722 (Pa.Super. 1996) (cleaned up, emphasis added).

Accordingly, I would conclude that under the plain language of the statute, a plaintiff must be due wages at the time of filing a suit pursuant to the WPCL in order to sustain such an action seeking either unpaid wages or unpaid wages plus liquidated damages. If the legislature had intended for the WPCL to provide a cause of action for any time an employee was paid in an untimely manner, it could have done so. However, it did not choose language that did so, and it is beyond our purview to look past the plain the language of the statute to expand the scope of the WPCL to provide for such a cause of action.

Consequently, insofar as the court granted Aita's motion for summary judgment and denied NCB's motion for summary judgment based on this expansion of the scope of the WPCL, I believe it erred. Since it is undisputed that no wages were payable to Aita at the time he filed the instant suit under the WPCL, I would conclude as a matter of law he was not entitled to relief under the WPCL, and the trial court should have then granted NCB's motion for summary judgment and denied Aita's motion for summary judgment. Accordingly, I would reverse the order of the trial court and remand for the court to enter judgment in favor of NCB and against Aita on the WPCL claim. In light of this disposition, I would not reach NCB's remaining claims on appeal nor the issue raised in Aita's cross-appeal.