J-S47037-18

2018 PA Super 284

| | | |
|---|---|---|
| MICHAEL YABLONSKI, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| KEEVICAN WEISS BAUERLE & | : | |
| HIRSCH LLC, | : | |
| | : | |
| Appellant | : | No. 197 WDA 2018 |

Appeal from the Judgment Entered January 19, 2018
in the Court of Common Pleas of Allegheny County
Civil Division at No(s): GD 16-19374

BEFORE: OLSON, J., MCLAUGHLIN, J., and STRASSBURGER, J.*

OPINION BY STRASSBURGER, J.: FILED OCTOBER 17, 2018

Keevican Weiss Bauerle & Hirsch LLC (KWBH) appeals from the

judgment entered on January 19, 2018, against it and in favor of Michael

Yablonski. We affirm.

The trial court summarized the facts of this case as follows.

> [Yablonski], an attorney with approximately twenty-six
> years of experience as a civil litigator, began working for
> [KWBH] in June of 2013. A letter agreement between the
> parties states that Yablonski's "compensation will be
> $125,000.00 per year, which will be paid to [Yablonski] at the
> rate of $10,416.66 per month, subject to normal withholding."
> In 2014 KWBH became late with Yablonski's paychecks, did not
> pay employer[-]withheld taxes until the end of the year[,] and
> failed to provide [Yablonski] with an entire month of
> compensation. In 2015 KWBH also did not pay Yablonski's
> [employer-]withheld taxes until the end of the year and failed to
> provide him the month's pay of $10,416.66 still owed from
> 2014.

---

* Retired Senior Judge assigned to the Superior Court.

From January through May of 2016, [instead of paychecks], KWBH paid Yablonski a total of $31,000 without making payroll tax payments [via checks labeled advance checks]. KWBH paid no compensation to Yablonski during June, July[,] and August of 2016, and on August 31, 2016[, KWBH] presented a letter agreement to Yablonski that proposed the elimination of his $125,000 yearly salary. Effective September 1, 2016, Yablonski's compensation instead would consist of 50% of fees collected from work he performed for clients originating from him and 25% of the value of fees from work he performed for clients not originating from him. Sometime during the following week[,] Yablonski met with partners Leo Keevican and James Bauerle to discuss the terms of any future employment with KWBH. When Yablonski asked what they were going to do about his back salary, Keevican said: ["]Oh, we owe you the money, and we're going to pay it. We just don't know[] when we'll be able to.["] On September 13, 2016[,] Yablonski informed Keevican and Bauerle that he was ending his employment with KWBH.

Trial Court Opinion, 4/2/2018, at 1-2 (titles and record citations omitted).

On October 13, 2016, Yablonski commenced this action by filing a complaint against KWBH, which he later amended on November 2, 2016. Yablonski alleged that KWBH failed to pay his salary in breach of their employment agreement and in violation of the Wage Payment and Collection Law (WPCL), 43 P.S. §§ 260.1–260.12. He sought $65,249.91 of unpaid salary, interest, liquidated damages, and attorneys' fees. Amended Complaint, 11/2/2016, at ¶¶ 1-16. "On December 6, 201[6], in return for []Yablonski's agreement to a thirty-day extension for filing a response to the complaint, KWBH paid Yablonski additional compensation such that only four of the nine months of his salary he claimed was owed in the complaint

remained due." Trial Court Opinion, 4/2/2018, at 2. KWBH filed an answer and new matter, and asserted counterclaims against Yablonski.[1]

After a non-jury trial on November 8, 2017, the trial court entered a verdict in favor of Yablonski and against KWBH for $57,654.12. Non-Jury Verdict, 12/4/2017, at 1. The trial court explained the verdict was for Yablonski's unpaid salary for May, June, July, and August 2016, which amounted to $41,666.64, plus liquidated damages of $15,987.48 pursuant to 43 P.S. § 260.10 (entitling an employee to claim liquidated damages in an amount equal to 25% of the total amount of wages due). Non-Jury Verdict Explanation, 12/4/2017, at 1. The trial court stated that it based its calculation of liquidated damages on the amount claimed in the complaint.[2] Id.

---

[1] KWBH divided the counterclaim into two counts it entitled "Breach of Duty to Perform Assigned Work" and "Breach of Duty to Make Reasonable Efforts to Generate Business." Answer, New Matter, and Counterclaim, 1/9/2017, at ¶¶ 30-43. The trial court ruled in Yablonski's favor on the counterclaim, and KWBH does not contest that ruling on appeal.

[2] Specifically, the trial court stated that it used the figure of $63,949.91, which purportedly is the amount claimed in the complaint less $1,300 for a claim for medical reimbursement. Id. The trial court awarded Yablonski nothing for his claim for medical reimbursement because he neglected to explain the claim during trial. Id. However, in the amended complaint, Yablonski claimed KWBH owed him $2,500 for improperly deducting that amount for a medical plan in which Yablonski never participated. Amended Complaint, 11/2/2016, at ¶ 11. Thus, it is unclear from where the trial court derived the $1,300 figure, although Yablonski briefly referenced a claim for "reimbursement of $1,300 on a medical plan" at trial. N.T., 11/14/2017, at 27. Nevertheless, KWBH does not argue that the trial court improperly calculated the amount claimed in the amended complaint. See KWBH's Brief
(Footnote Continued Next Page)

Both Yablonski and KWBH filed post-trial motions. In his motion, Yablonski challenged the trial court's failure to award him prejudgment interest. Yablonski's Motion for Post-Trial Relief, 12/14/2017, at 1. KWBH, inter alia, challenged the verdict on the grounds that (1) Yablonski's salary was conditioned upon his fulfillment of the duties of loyalty and diligence, and the evidence at trial demonstrated that Yablonski had failed to fulfill such duties; (2) it was error to award liquidated damages pursuant to the WPCL because it had a good faith reason as to why it did not pay Yablonski; and (3) it was error to award liquidated damages based upon the amount claimed in the amended complaint instead of the amount awarded at trial. KWBH's Motion for Post-Trial Relief, 12/8/2017, at 1-2. After briefing and argument, the trial court entered an order denying KWBH's post-trial motion; granting Yablonski's post-trial motion and modifying the verdict to include $4,637.62 in prejudgment interest; and entering judgment in favor of Yablonski for $62,291.74. Order and Judgment, 1/19/2018, at 1.

KWBH timely filed a notice of appeal. Both KWBH and the trial court complied with Pa.R.A.P. 1925.

KWBH presents the following issues on appeal, which we have re-ordered for ease of disposition: (1) whether the trial court erred by determining that Yablonski had earned his salary for May, June, July, and

(Footnote Continued) ———————————

at 18 n.4. ("The trial court's elimination of $1,300 medical plan reimbursement [from the amount claimed in the amended complaint] is not at issue in this appeal.").

August 2016 when Yablonski failed to exercise diligence and loyalty in his professional duties; (2) whether the trial court erred by awarding liquidated damages despite KWBH's evidence of its good faith dispute of Yablonski's salary claim; and (3) whether the trial court erred by basing liquidated damages on the amount claimed in the amended complaint instead of the amount awarded in the verdict. KWBH's Brief at 3-5.

> Our standard of review in a non-jury trial is well established:
>
> We must determine whether the findings of the trial court are supported by competent evidence and whether the trial judge committed error in the application of law. Additionally, findings of the trial judge in a non-jury case must be given the same weight and effect on appeal as a verdict of a jury and will not be disturbed absent error of law or abuse of discretion.

Davis ex rel. Davis v. Gov't Employees Ins. Co., 775 A.2d 871, 873 (Pa. Super. 2001) (citations omitted).

The issues presented by Yablonski require us to examine the WPCL. "The WPCL does not create a statutory right to compensation. Rather, it provides a statutory remedy when the employer breaches a contractual right to earned wages. Whether specific wages are due is determined by the terms of the contract." Braun v. Wal-Mart Stores, Inc., 24 A.3d 875, 957 (Pa. Super. 2011) (per curiam), aff'd, 106 A.3d 656 (Pa. 2014).

Wages include "all earnings of an employe[e], regardless of whether determined on time, task, piece, commission or other method of calculation." 43 P.S. § 260.2a. The WPCL requires employers to pay wages "on regular paydays designated in advance by the employer." 43 P.S.

§ 260.3(a). "All wages … earned in any pay period shall be due and payable within the number of days after the expiration of said pay period as provided in a written contract of employment or, if not so specified, within the standard time lapse customary in the trade or within 15 days from the end of such pay period." Id. The WPCL authorizes an employee to bring a civil action to recover unpaid wages. 43 P.S. § 260.9. In addition to permitting recovery of the unpaid wages, the WPCL authorizes the employee to recover liquidated damages in certain situations, discussed in more detail infra. 43 P.S. § 260.10.

"It is the contract between the parties that governs the determination of whether specific 'wages' or benefits were 'earned.'" Braun, 24 A.3d at 956. "[T]he interpretation of the terms of a contract is a question of law for which our standard of review is de novo, and our scope of review is plenary." Id. at 957.

In the instant case, the parties agree that the relevant contract is a letter setting forth the terms of KWBH's offer of employment, which Yablonski signed.[3] KWBH's Brief at 6, 10; Yablonski's Brief at 3; N.T.,

---

[3] Despite notes of testimony indicating their admission, none of the exhibits admitted at trial appears in the certified record.

> All involved in the appellate process have a duty to take steps necessary to assure that the appellate court has a complete record on appeal, so that the appellate court has the materials necessary to review the issues raised on appeal. Ultimate

(Footnote Continued Next Page)

11/8/2017, at 12-13; Yablonski's Exhibit 1/Reproduced Record at R152a. In the offer letter, KWBH offered employment to Yablonski as a "Non-Equity Member, subject to the terms and conditions outlined below." Yablonski's Exhibit 1/Reproduced Record at R152a. The letter indicates that Yablonski's "compensation will be $125,000.00 per year, which will be paid to [him] at the rate of $10,416.66 per month, subject to normal withholding." Id. The letter also specifies that Yablonski's employment was "at will, and as such, either [Yablonski] or [KWBH] may terminate the employment relationship at any time for any reason." Id. Yablonski indicated his acceptance to the terms of the offer of employment by signing the letter. Id.

We turn first to KWBH's argument that the trial court's award was in error because Yablonski did not earn a salary for May, June, July, and August 2016. Boiled down to its essence, KWBH's argument is that Yablonski's employment performance was subpar during this period, and due to such subpar performance, he did not earn wages during May, June, July, and August 2016. KWBH's Brief at 29-32. Without elaborating as to where such duties were derived, KWBH argues that Yablonski violated "duties of

(Footnote Continued) ——————————
    responsibility for a complete record rests with the party raising
    an issue that requires appellate court access to record materials.

Pa.R.A.P. 1921, Official Note.

  However, because the trial court admitted the exhibits at trial, KWBH has included copies of the exhibits in the reproduced record, and Yablonski does not dispute their accuracy, we may consider the exhibits. Id.; Commmonwealth v. Brown, 52 A.3d 1139, 1145 (Pa. 2012).

loyalty, diligence, good faith[,] and promptness." Id. Further, due to his days out of the office and low client billings, KWBH argues that Yablonski "constructively terminated his employment." Id.

The trial court offered the following analysis supporting its award of wages for May, June, July, and August 2016.

> Yablonski ... credibly testified that KWBH did not have enough work for him to do to keep him busy. In addition, Yablonski billed for similar time on the days KWBH says he failed to report for work as he did on some of the days KWBH says he reported to work. Hence, there is no proof that any failure to report to work by Yablonski impacted KWBH's revenue. KWBH also produced no written policy prohibiting work from home and no testimony that it informed Yablonski he could not do so. Yablonski was an "at will" employee, hence KWBH could have terminated his employment at any time. However, it did not do so until August 31, 2016, and efforts at trial to show Yablonski constructively terminated his employment earlier were not credible. Since it is clear that Yablonski's employment with KWBH was unaffected by any work he performed from home and did not end until September 1, 2016, [the] award to him of salary to that date was correct.

Trial Court Opinion, 4/2/2018, at 5 (titles and record citations omitted).

Thus, it is clear from the trial court's opinion that the trial court credited Yablonski's testimony over the testimony of KWBH's witness, James Bauerle, who is the Director of Legal and Business Services and a partner with KWBH. In short, KWBH failed to convince the trial court that Yablonski constructively terminated his employment or that his performance was as problematic as KWBH now claims it to be. "As an appellate court, we cannot disturb the finding of the trial court on the witnesses' credibility." Wallace v. Pastore, 742 A.2d 1090, 1095 (Pa. Super. 1999).

Furthermore, the record belies KWBH's claim that it viewed Yablonski as having constructively terminated his employment. As the trial court points out, Yablonski was an at-will employee and neither party was bound to a term of employment. At no time did KWBH terminate Yablonski's employment due to his alleged refusals to perform work, lackluster performance, failure to appear in the office, and low client billings. Instead, despite these alleged shortcomings, KWBH attempted to renegotiate the terms of Yablonski's employment and offered him continued employment with a new compensation arrangement. Yablonski's Exhibit 7/Reproduced Record at R179a-R180a.

Moreover, the June 4, 2013 letter agreement setting forth the terms and conditions of Yablonski's employment does not condition payment of Yablonski's salary upon Yablonski performing his duties in a certain manner, working at the office instead of from home, or working or billing a certain number of hours. The trial court credited Yablonski's testimony that there was insufficient work for him to bill any more than he did. The letter agreement sets forth an incentive for Yablonski to generate business on his own, but does not condition Yablonski's base salary on doing so. The plain terms of the agreement required KWBH to pay Yablonski $10,416.66 in salary each month. KWBH failed to do so for the four months in question. Therefore, the trial court did not err by concluding that KWBH breached an

agreement to pay Yablonski, thereby entitling Yablonski to recovery of his wages pursuant to the WPCL.

KWBH next argues that it proved the existence of a good faith dispute regarding Yablonski's claim for salary, thereby defeating Yablonski's claim for liquidated damages. KWBH's Brief at 21-29. Similar to its arguments regarding Yablonski's failure to earn his salary, KWBH relies upon Yablonski's purported subpar performance as justifying its alleged honest belief that it did not need to pay Yablonski. Id.

The WPCL provides as follows regarding liquidated damages.

Where wages remain unpaid for thirty days beyond the regularly scheduled payday, or, in the case where no regularly scheduled payday is applicable, for sixty days beyond the filing by the employe[e] of a proper claim or for sixty days beyond the date of the agreement, award or other act making wages payable, … and no good faith contest or dispute of any wage claim including the good faith assertion of a right of set-off or counter-claim exists accounting for such non-payment, the employe[e] shall be entitled to claim, in addition, as liquidated damages an amount equal to [25%] of the total amount of wages due, or [$500], whichever is greater.

43 P.S. § 260.10.

"The proper interpretation of section 260.10 is a question of law for which our standard of review is de novo and our scope of review is plenary." Andrews v. Cross Atlantic Capital Partners, Inc., 15 A.3d 123, 133 (Pa. Super. 2017) (en banc). In Andrews, this Court held that

the WPCL is intended to provide a vehicle for successful plaintiffs to be compensated for unpaid back wages based upon an existing contractual obligation; however, the statute's liquidated damages provision is available to only a subset of those

- 10 -

prevailing plaintiffs who can also prove that they are entitled to damages as a result of an employer having no good faith defense to wages remaining unpaid for a set amount of time under the statute. Section 260.10 is intended to be a disincentive or penalty for employers to withhold wages in bad faith.

Id. at 136.

The employer has the burden of proving the existence of good faith by clear and convincing evidence. Id. at 134. This Court has observed previously that the WPCL does not define the term "good faith." Braun, 24 A.3d at 963. Nevertheless, our case law establishes that bad faith is more than bad judgment, but an employer cannot prove good faith by post-hoc justifications for its failure to pay. Id.

The trial court offered the following analysis regarding this issue.

While Bauerle testified to withholding Yablonski's wages due to his poor performance and failure to report for work, this testimony was not credible. Yablonski's testimony that, during the September[] 2016 meeting, Keevican acknowledged "we owe you the money" was credible. KWBH did not cross examine Yablonski and produced no testimony rebutting this admission. The testimony about Yablonski's poor performance and failure to report for work were excuses provided after suit was filed in an effort to mask the real reason KWBH did not pay Yablonski. It did not have the money available to pay him. In any event, Yablonski provided credible testimony and documentary evidence that rebutted the poor performance claim, established he did all work KWBH assigned him[,] and was not prohibited from doing some work from home. Since [the] determination that KWBH had no good faith dispute over Yablonski's wages was based on credible evidence, [the] decision to award liquidated damages was correct.

Trial Court Opinion, 4/2/2018, at 4-5 (titles and record citations omitted).

As was the case with its first issue, KWBH's argument regarding good faith attacks the trial court's credibility findings, but as an appellate court, we must defer to the trial court's findings regarding credibility. Wallace, 742 A.2d at 1095. Further, the trial court's findings are supported by competent evidence, and we discern no error in the trial court's application of the law or abuse of its discretion in its determination that KWBH failed to meet its burden of establishing a good faith dispute.

KWBH's final issue concerns the trial court's calculation of liquidated damages. KWBH first argues that the trial court erred by awarding liquidated damages based upon the amount claimed in the amended complaint because after Yablonski filed the amended complaint, KWBH and Yablonski entered into a settlement agreement reducing the amount of claimed wages. KWBH's Brief at 18-20. Second, KWBH argues that the trial court should have calculated liquidated damages based upon the four months' salary Yablonski was awarded at trial, and basing the damages upon the amount claimed is at odds with section 260.10, which requires liquidated damages based upon the amount due. Id. at 20-21.

The only testimony taken about the parties' alleged settlement agreement came from Yablonski, who stated in response to a relevance objection that his claim at trial was "for the four months of unpaid salary." N.T., 11/8/2017, at 27. He also testified that after KWBH did not respond to the amended complaint within the required timeframe and he sent out a ten-

day default notice, he was contacted by Michael McShea, Esquire, a litigation attorney then employed by KWBH,[4] advising that Yablonski that KWBH had asked Attorney McShea to respond formally on its behalf. Id. at 30. According to Yablonski, KWBH wanted a 30-day extension in which to respond to the amended complaint, "and in exchange for that, [KWBH] was willing to make a partial payment to [Yablonski] of the past due salary." Id. Yablonski agreed, and shortly thereafter, he received a short letter from Attorney McShea enclosing five checks "totaling $7,336.13 with attached pay stubs containing year to date withholding information" and memorializing Yablonski's agreement to an extension of time for KWBH to respond to the amended complaint. Yablonski's Exhibit 10/Reproduced Record R.182a. The checks accounted for the missed month of salary in 2014, as well as the shortfalls in salary for January, February, March, and April 2016, but did not account for the unpaid salary from May, June, July, and August 2016. N.T., 11/14/2017, at 31.

Thus, the record reflects only that Yablonski agreed to a filing extension in exchange for a partial payment of the wages Yablonski claimed KWBH owed him. Notably, nothing in the record indicates that Yablonski agreed to reduce KWBH's liability regarding liquidated damages. Moreover,

---

[4] Attorney McShea had entered his appearance in this matter, but later served a motion to withdraw his appearance upon the parties, citing cessation of his employment due to KWBH's failure to pay Attorney McShea's salary. Yablonski Exhibit 13.

although the WPCL permits an employee "to settle or adjust his claim for unpaid wages," 43 P.S. § 260.9a(b), the WPCL's provisions may not be waived by private agreement. 43 P.S. § 260.7 ("No provision of this act shall in any way be contravened or set aside by a private agreement.").

Furthermore, because the WPCL provides for liquidated damages when wages remain unpaid thirty days past payday, paying the May-August 2016 wages in December 2016 did not eliminate KWBH's liability pursuant to section 260.10. KWBH's argument ignores the trial court's explicit finding that at the time Yablonski filed his amended complaint, KWBH owed Yablonski all of the wages he claimed, plus interest. Trial Court Opinion, 4/2/2018, at 4 (determining that Yablonski was "owed [$63,949.91] thirty days after payday and when the suit was filed"). The only reason Yablonski was not awarded $63,949.91 at trial was because KWBH had already paid him $7,336.13 prior to trial, but that payment does not change the fact that $63,949.91 of wages plus interest were overdue pursuant to section 260.10. Therefore, the trial court did not err in awarding Yablonski 25% of $63,949.61 as liquidated damages.

Judgment affirmed.

Judge McLaughlin joins the opinion.

Judge Olson concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  10/17/2018