J-E01005-24

2024 PA Super 223

MARCELO AITA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
NCB MANAGEMENT SERVICES, INC. :
:
Appellant : No. 510 EDA 2022

Appeal from the Order Entered January 21, 2022
In the Court of Common Pleas of Bucks County Civil Division at No(s):
2019-00981

MARCELO AITA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellant :
:
:
:
v. :
:
:
NCB MANAGEMENT SERVICES, INC. : No. 615 EDA 2022

Appeal from the Order Entered January 21, 2022
In the Court of Common Pleas of Bucks County Civil Division at No(s):
2019-00981

BEFORE: LAZARUS, P.J., BOWES, J., STABILE, J., DUBOW, J., KUNSELMAN,
J., NICHOLS, J., KING, J., SULLIVAN, J., and LANE, J.

DISSENTING OPINION BY BOWES, J.: **FILED SEPTEMBER 26, 2024**

In its cross-appeal, NCB argues that Aita could not institute an action
for liquidated damages once he was paid because, at that time, he was no
longer someone to whom any wages were payable. The Majority rejects this
argument, "hold[ing] that an employee can bring an action for liquidated
damages under the WPCL regardless of whether the employer has paid all

outstanding wages by the time legal action is commenced." Majority at 15. Since I conclude that, pursuant to the plain language of the statute, a plaintiff must be due wages at the time of filing a suit pursuant to the WPCL in order to sustain an action seeking either unpaid wages or unpaid wages plus liquidated damages, I respectfully dissent.

The Majority accurately and thoroughly recounts the facts and procedural history. Suffice it to say for purposes of my dissent, there is no factual dispute that: (1) NCB failed to timely pay Aita several of his Retention Bonus installments pursuant to the Agreement; (2) NCB paid Aita the late installments in July and October 2017, plus interest at the rate of six percent per year pursuant to 41 P.S. § 202;[1] and (3) Aita filed the underlying suit, pertaining to the late installment payments, in February 2019. As there is no issue of material fact, the focal point of the court's summary judgment order pertains to whether the WPCL entitled Aita, and not NCB, to judgment as a matter of law. *See Khalil v. Williams*, 278 A.3d 859, 871 (Pa. 2022) ("[A] trial court should grant summary judgment only in cases where the record contains no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law." (citation omitted)).

_____

[1] NCB utilized this general legal rate of interest because the Agreement did not set forth a specific rate. *See* 41 P.S. § 202 (providing that a reference in a legal document "to an obligation to pay a sum of money 'with interest' without specification of the applicable rate shall be construed to refer to the rate of interest of six per cent per annum").

This Court has explained that "[t]he WPCL does not create an employee's substantive right to compensation; rather, it only establishes a statutory vehicle to enforce payment of wages and compensation to which an employee is otherwise entitled by the terms of an agreement." *Andrews v. Cross Atl. Cap. Partners, Inc.*, 158 A.3d 123, 136 (Pa.Super. 2017) (*en banc*) (cleaned up). "Whether specific wages are due is determined by the terms of the contract." *Yablonski v. Keevican Weiss Bauerle & Hirsch LLC*, 197 A.3d 1234 (Pa.Super. 2018) (cleaned up).

The crux of the parties' dispute and my disagreement with the Majority concerns the statutory interpretation of the WPCL. This Court's standard of review for such issues is well-settled:

> When the question is one of statutory interpretation, our scope of review is plenary and the standard of review is *de novo.* Under the Statutory Construction Act of 1972, our paramount interpretative task is to give effect to the intent of our General Assembly in enacting the particular legislation under review. We are mindful that the object of all statutory interpretation is to ascertain and effectuate the intention of the General Assembly and the best indication of the legislature's intent is the plain language of the statute. When the words of a statute are clear and unambiguous, we may not go beyond the plain meaning of the language of the statute under the pretext of pursuing its spirit. [O]nly when the words of the statute are ambiguous should a reviewing court seek to ascertain the intent of the General Assembly[.]

*In re D.M.W.*, 102 A.3d 492, 494 (Pa.Super. 2014) (cleaned up). A term is ambiguous if, "when read in context with the overall statutory framework in which it appears, [it] has at least two reasonable interpretations[.]" *Snyder Bros., Inc. v. Pennsylvania Pub. Util. Comm'n*, 198 A.3d 1056, 1073 (Pa.

2018) (citation omitted). Crucially, "[i]t is axiomatic that in determining legislative intent, all sections of a statute must be read together and in conjunction with each other, and construed with reference to the entire statute." *Penn Jersey Advance, Inc. v. Grim*, 962 A.2d 632, 634 (Pa. 2009) (cleaned up).

As is the case in any appeal concerning statutory interpretation, I begin with the plain language of the statute.[2] Section 260.9a(a) provides that actions may be filed pursuant to the WPCL by any employee "to whom any type of wages is payable[.]" 43 P.S. § 260.9a(a). The legislature did not define "payable" within the definitions section of the WPCL. *See* 43 P.S. § 260.2a. Likewise, our courts have not yet interpreted "payable" in the WPCL context. Nonetheless, I observe that Black's Law Dictionary defines "payable" as "(Of a sum of money or a negotiable instrument) that is to be paid. . . . An

_____

[2] The Majority begins its analysis with the WPCL's purpose, and then views the statutory language through that lens. *See* Majority at 6-7. However, the proper starting point is the plain language of the statute. *See*, *e.g.*, *Koken v. Reliance Ins. Co.*, 893 A.2d 70, 81 (Pa. 2006) ("Generally, the best indication of legislative intent is the plain language of the statute. Thus, it is well settled that when the words of a statute are clear and unambiguous, they are not to be disregarded under the pretext of pursuing its spirit." (cleaned up)). As explained in the body of my dissent, I find no ambiguity in the plain language of the text and therefore do not reach the unenviable task of attempting to read the tea leaves surrounding the WPCL's creation. *See Braun v. Wal-Mart Stores, Inc.*, 24 A.3d 875, 954 n.25 (Pa.Super. 2011) (quoting *Barnhart v. Compugraphic Corp.*, 936 F.2d 131, 134 n.5 (3d Cir.1991)) ("This court has also attempted to review the legislative history of the [WPCL] to further determine the purposes underlying the law. Unfortunately, there are no substantive remarks included in the history of this law which would instruct this court.").

amount may be payable without being due. Debts are commonly payable long before they fall due." PAYABLE, ***Black's Law Dictionary*** (11th ed. 2019).

Importantly, the legislature wrote § 260.9a in the present tense, *i.e.*, "is payable," as opposed to past tense to provide for an action to be available to a party to whom any type of wages were payable or "had been payable." Reading this term in conjunction with the remainder of the WPCL, it is clear to me that actions may be brought only when wages remain unpaid, as demonstrated by the following pertinent subsections:[3]

> (a) Any employee or group of employees, labor organization or party **to whom any type of wages is payable** may institute actions provided under this act.
>
> (b) **Actions by an employee, labor organization, or party to whom any type of wages is payable to recover unpaid wages and liquidated damages may be maintained in any court of competent jurisdiction**, by such labor organization, party to whom any type of wages is payable or any one or more employees for and in behalf of himself or themselves and other employees similarly situated, or such employee or employees may designate an agent or representative to maintain such action or on behalf of all employees similarly situated. Any such employee, labor organization, party, or his representative shall have the power to settle or adjust his claim **for unpaid wages.**
>
> (c) The employee or group of employees, labor organization or party to whom any type of wages is payable may, in the alternative, inform the secretary of the wage claim against an employer or former employer, and the secretary shall, unless the claim appears to be frivolous, immediately notify the employer or former employer of such claim by certified mail. **If the employer or former employer fails to pay the claim or make satisfactory explanation to the secretary of his failure to do**

_____

[3] The WPCL uses only one "e" at the end of the word "employee." I modify the text within this dissenting opinion to reflect the more common spelling.

**so** within ten days after receipt of such certified notification, thereafter, the employer or former employer shall be liable for a penalty of ten percent (10%) of that portion of the claim found to be justly due.  A good faith dispute or contest as to the amount of wages due or the good faith assertion of a right of set-off or counter-claim shall be deemed a satisfactory explanation for nonpayment of such amount in dispute or claimed as a set-off or counter-claim.  The secretary shall have a cause of action against the employer or former employer for recovery of such penalty and the same may be included in any subsequent action by the secretary on said wage claim or may be exercised separately after adjustment of such wage claim without court action.

(d) In any civil action brought under the provisions of this act, the Secretary of Labor and Industry **may require the employer to post bond or security to secure payment of the entire claim of the employee** with credit in the amount of any good faith assertion of a right of set-off or counter-claim.  Such bond or security shall be posted in the court where the civil action is brought.  The request for bond or security shall be signed by the secretary and shall provide that such bond or security in the amount stated shall be posted within 30 days of service thereof on the employer.  If such bond or security is not posted within the 30-day period, the employer will be deemed to have admitted his liability and execution may immediately ensue.

(e) **If the secretary determines that wages due have not been paid and that such unpaid wages constitute an enforceable claim**, the secretary shall, upon the request of the employee, labor organization or party to whom any type of wages is payable, take an assignment in trust, from the requesting party of such claim for wages without being bound by any of the technical rules respecting the validity of any such assignments and **may bring any legal action necessary to collect such claim**, subject to the right by the employer to set-off or counter-claim against the assigning party.  Upon any such assignment, the secretary shall have the power to settle and adjust any such claim to the same extent as might the assigning party.

43 P.S. § 260.9a (emphases added).

Liquidated damages are more particularly covered in the next provision,

§ 260.10:

> Where wages remain unpaid for thirty days beyond the regularly scheduled payday, or, in the case where no regularly scheduled payday is applicable, for sixty days beyond the filing by the employee of a proper claim or for sixty days beyond the date of the agreement, award or other act making wages payable, . . . and no good faith contest or dispute of any wage claim including the good faith assertion of a right of set-off or counter-claim exists accounting for such non-payment, the employee shall be entitled to claim, in addition, as liquidated damages an amount equal to twenty-five percent (25%) of the total amount of wages due, or five hundred dollars ($500), whichever is greater.

43 P.S. § 260.10.

Both Aita and NCB rely on this Court's decision in *Yablonski* to apply the salient provisions of the WPCL to the facts at hand. NCB argues that *Yablonski* "confirms that liquidated damages due to an employee are based on the amount of wages that are owed when the plaintiff is forced to resort to the courts to recover that which he previously earned." NCB's substituted brief at 26. Aita, on the other hand, professes that *Yablonski* "stands for the proposition that once the violation of the WPCL has occurred, later correction by the employer does not extinguish the claim for liquidated damages." Aita's substituted brief at 7. Given these divergent interpretations, I believe it worth a revisit to this Court's decision in *Yablonski* to ascertain its impact upon the question presently before this Court.[4]

---

[4] While I agree with my learned colleagues that *Yablonski* does not speak to the precise issue facing us in this case, I nonetheless find the reasoning therein instructive.

In **Yablonski**, we considered, *inter alia*, the appropriate amount of liquidated damages where the employer, KWBH, had made partial payments towards the wages that were payable to Yablonski **after** Yablonski initiated the WPCL suit for nonpayment of those wages. KWBH argued that "the trial court erred by awarding liquidated damages based upon the amount claimed in the amended complaint because after Yablonski filed the amended complaint, KWBH and Yablonski entered into a settlement agreement reducing the amount of claimed wages." **Yablonski**, 197 A.3d at 1241. In other words, KWBH contended that § 260.10 requires that liquidated damages be calculated based upon the amount still due at the time of an award. Since KWBH had paid a portion of the wages due following initiation of the suit, it insisted that the liquidated damages awarded to Yablonski should be reduced accordingly and computed based solely upon the wages still owed. **Id**.

We ultimately rejected KWBH's argument, explaining as follows:

[B]ecause the WPCL provides for liquidated damages when wages remain unpaid thirty days past payday, paying the May-August 2016 wages in December 2016 did not eliminate KWBH's liability pursuant to [§] 260.10. KWBH's argument ignores the trial court's explicit finding that **at the time Yablonski filed his amended complaint, KWBH owed Yablonski all of the wages he claimed, plus interest.** The only reason Yablonski was not awarded $63,949.91 at trial was because KWBH had already paid him $7,336.13 prior to trial, but that payment does not change the fact that $63,949.91 of wages plus interest were overdue pursuant to [§] 260.10. Therefore, the trial court did not err in awarding Yablonski 25% of $63,949.61 as liquidated damages.

*Id*. at 1242 (citation omitted, emphasis added). Thus, we affirmed the trial court's award of liquidated damages calculated based upon the amount claimed in the amended complaint because Yablonski was still owed those wages, plus interest, at the time he filed the suit. Subsequent payment while the matter proceeded in court did not extinguish Yablonski's entitlement to that relief.

I cannot suggest simply applying this holding to the matter *sub judice* because Aita was no longer owed any wages at the time he filed his complaint. Indeed, since Aita had already been paid, with interest, at that time, he did not seek unpaid wages pursuant to the WPCL. Instead, his claim under the WPCL solely sought liquidated damages and attorney's fees. **See** Complaint, 2/13/19, at ¶ 18 (averring that "NCB has now paid the unpaid bonus, and interest due thereon, but remains liable for liquidated damages due under the WPCL and attorneys' fees incurred by [Aita]"). Therefore, it has become incumbent upon this Court to determine whether such an independent cause of action for liquidated damages exists. The Majority finds that it does while, for the reasons that follow, I do not.

As detailed earlier, the WPCL provides that: "No administrative proceedings or legal action shall be instituted under the provisions of this act for the collection of unpaid wages **or** liquidated damages more than three years after the day on which such wages were due and payable as provided in sections 3 and 5." 43 P.S. § 260.9a(g) (footnote omitted, emphasis added).

Section 260.10, meanwhile, provides that where an employer did not act in good faith in withholding wages, "the employee shall be entitled to claim, **in addition**, as liquidated damages an amount equal to twenty-five percent (25%) of the total amount of wages due, or five hundred dollars ($500), whichever is greater." 43 P.S. § 260.10 (emphasis added).

I agree with the Majority that generally the word "or" is disjunctive. **See** Majority at 13 (citing **Braun v. Wal-Mart Stores, Inc.**, 24 A.3d 875, 960 (Pa.Super. 2011)). However, reading § 260.9a(g) with the rest of the WPCL, I cannot conclude that the "or" in that section created a liquidated damages cause of action independent from one for unpaid wages where the text of § 260.10 clearly provides that a claim for liquidated damages is to be additive. To illustrate, our courts have explained that "the statute's liquidated damages provision is **available to only a subset of those prevailing plaintiffs** who can **also** prove that they are entitled to damages as a result of an employer having no good faith defense to wages remaining unpaid for a set amount of time under the statute." **Andrews**, 158 A.3d at 136 (emphases added). As we have explained,

> [t]he WPCL is not only a vehicle for recovery of unpaid wages; it also provides for damages in the event an employer withholds compensation in the absence of good faith. Thus, for instance, if an employer withholds wages based on a dispute with the employee that would result in a set-off, the employer's reliance on the set-off must be held in good-faith. Otherwise, the employee is entitled to **additional**, liquidated damages pursuant to the statute[.]

***Thomas Jefferson Univ. v. Wapner***, 903 A.2d 565, 574 (Pa.Super. 2006) (emphasis added, citations omitted).

Consequently, in context, I find that §§ 260.9a(g) and 260.10 provide as follows. First, no proceedings pursuant to the WPCL shall be instituted beyond the statute of limitations period provided. Second, there are two potential causes of action. A plaintiff may file suit for (1) unpaid wages withheld in good faith, or for (2) unpaid wages withheld in the absence of good faith. If a plaintiff pursues the second cause of action, he may also seek ancillary liquidated damages, in an amount of at least five hundred dollars. As such, the WPCL does not support a separate cause of action solely for liquidated damages. Indeed, based upon the text of the statute and this Court's interpretation thereof, to be entitled to the **additional** remedy of liquidated damages, unpaid wages must first be recoverable.[5]

If the WPCL, which has not been amended since 1977, meant to provide a mechanism for setting forth claims whenever an employee is paid late, it would stand to reason that such a case would have made its way to our appellate courts before now. The passage of nearly fifty years without the

---

[5] While not binding, it bears mentioning that the Department of Labor and Industry has interpreted the WPCL in a manner consistent with my own, namely, as providing that "[a]ny employee or group of employees, labor organization or party to whom any type of wages is payable may take legal action to recover wages due **plus** liquidated damages." Summary of the WPCL, Department of Labor and Industry, https://www.dli.pa.gov/Individuals/Labor-Management-Relations/llc/Documents/llc-2.pdf (emphasis added).

occurrence of any instance where an employee **successfully instituted** a WPCL action in our courts **after** being paid all outstanding late wages suggests the WPCL was not intended to operate in this fashion and need not do so in order to accomplish its goals.

That being said, I recognize that the federal courts have seen fit on occasion to permit such practice without explanation or citation to Pennsylvania authority. It is well-settled that "[w]e are not bound by federal district court opinions interpreting Pennsylvania law, but may use them for guidance where their analysis is sound." **Duquesne Light Co. v. Pennsylvania Am. Water Co.**, 850 A.2d 701, 705 n.2 (Pa.Super. 2004) (citation omitted). More fundamentally, though, the three federal decisions revealed by my research do not shed meaningful light on the matter before us.

The first case apparently proceeded to trial in federal court based upon a WPCL claim solely for liquidated damages where the "[d]efendants had fully paid the claimed back wages by the time this case was filed, leaving only the propriety of liquidated damages at issue." **Bair v. Purcell**, No. 1:04-CV-1357, 2010 WL 3282653, at *7 (M.D.Pa. Aug. 17, 2010) (memorandum disposing of plaintiffs' motion for attorneys' fees). Outside this single reference, the court did not discuss the propriety of pursuing solely a liquidated damages claim under Pennsylvania's WPCL when no wages are due,

and thus there is no pertinent analysis, sound or otherwise, to guide this Court on the issue presently before us.

Second, the Majority highlights **Endo Pharmaceuticals Inc. v. Fryer**, No. 17-2245, 2020 WL 4748296 (E.D.Pa. Aug. 17, 2020). The entire analysis regarding the timing of Fryer being paid for her paid time off with interest and Endo's motion to dismiss is a single paragraph, wherein the district court summarily denied the motion because Fryer "may still be entitled to liquidated damages[.]" **Id**. at *4. Thus, I do not glean any guidance from the **Endo** court's cursory conclusion.

The most recent federal case addresses whether a plaintiff was barred from adding a WPCL claim to a lawsuit after the parties had reached a settlement agreement regarding the underlying breach of contract claim, which included the defendant remunerating the unpaid back wages. Despite the back wages being satisfied before the complaint was amended to add the WPCL claims, the court noted that at that time, plaintiff "was still owed additional salary continuation payments by [the defendant] such that he was undoubtedly a party to whom any type of wages is payable. Hence, the statute authorizes him to bring an action to recover unpaid wages and liquidated damages." **Viancourt v. Paragon Wholesale Foods Corp.**, No. CV 20-628, 2023 WL 2726705, at *22 (W.D.Pa. Mar. 31, 2023) (cleaned up). The court found that the plaintiff was not barred from asserting its WPCL claim for liquidated damages because the defendant did not cite any authority that

a plaintiff can waive a WPCL claim by settling the underlying breach of contract claim. Likewise, there was no evidence that the parties intended for the settlement to preclude a WPCL claim, and, in any event, WPCL claims may not be waived by private agreement. *Id*.

In its discussion, the *Viancourt* court noted that the plaintiff cited *Bair* in support of his ability to amend the petition to raise a WPCL claim after having been paid the back wages. This mere mention of *Bair* did not impact the court's holding. Rather, the court held that the WPCL claim for liquidated damages was not barred because the plaintiff was authorized to bring a WPCL action as he was still owed other types of wages, and the settlement regarding the back wages did not bar pursuing a WPCL claim for liquidated damages pertaining to those back wages. In other words, the plaintiff was due wages at the time he filed the suit, and he could therefore also pursue liquidated damages. Insofar as *Viancourt* holds any persuasive value for this Court, it aligns with my interpretation that unpaid wages must be recoverable under the WPCL before a plaintiff may add on a claim to seek liquidated damages.

Ascribing to the statutory language of § 260.9a(a) its plain and ordinary meaning, I would find the legislature's intent is clear and unambiguous. An employee may file an action under the WPCL if, at the time the suit is initiated, there are any type of wages payable to him, that is, wages that are "to be paid" to him. *See* PAYABLE, *Black's Law Dictionary* (11th ed. 2019). However, as happened here, if an employer pays all outstanding wages plus

- 14 -

interest before any suit is filed, at that point there are no longer any wages to be paid, such that the employee is no longer one "to whom any type of wages is payable[.]" 43 P.S. § 260.9a(a). Indeed, under such circumstances the employee has been made whole and, thus, no longer needs to turn to the courts to obtain full payment. **See Andrews**, 158 A.3d at 136 (noting that "the WPCL is intended to provide a vehicle for successful plaintiffs to be compensated for unpaid back wages based upon an existing contractual obligation").

Phrased simply, wages are not payable pursuant to the WPCL if they have already been paid. Though apparent from the plain language of the WPCL, I observe that this interpretation is also consistent with the WPCL's purpose, while not expanding the scope of the WPCL beyond the relief explicitly provided. We have explained:

> The underlying purpose and intent of the WPCL is to remove some of the obstacles employees face in litigation by providing them with a statutory remedy of an employer's breach of its contractual obligation to pay wages. The WPCL does not create an employee's substantive right to compensation; rather, it only establishes a statutory vehicle to enforce payment of wages and compensation to which an employee is otherwise entitled by the terms of an agreement.

**Andrews**, 158 A.3d at 133 (cleaned up, emphasis omitted); **see also Ely v. Susquehanna Aquacultures, Inc.**, 130 A.3d 6, 13 (Pa.Super. 2015) ("[T]he primary goal of the WPCL is to make whole again employees whose wages were wrongfully withheld by their employers." (cleaned up)); **Braun**, 24 A.3d at 897 ("The WPCL is a statute permitting employees to recover unpaid

- 15 -

wages." (citation omitted)); *Belcufine v. Aloe*, 112 F.3d 633, 635 (3d Cir. 1997) ("The WPCL arms Pennsylvania employees with a statutory vehicle for the collection of unpaid wages and benefits and provides for penalties to be imposed for non-compliance.").

In sum, the WPCL is intended to ensure that employers pay their employees, and that they do so on time. If an employer fails to do that, the WPCL provides the employee with a mechanism in which to file an action and, if the employer also withheld the wages without good reason, the employee may seek commensurate liquidated damages. Additionally, the WPCL provides for mandatory attorney's fees so that an employee's recoupment of wages due after a successful WPCL suit will not be immediately lost in paying for the attorney who had to bring the claim to obtain those unpaid wages. *See Grimm v. Universal Med. Servs., Inc.*, 156 A.3d 1282, 1290 (Pa.Super. 2017) ("[T]he primary goal of the WPCL is to make whole again employees whose wages were wrongfully withheld by their employers. Consequently, to ensure that employees who are successful in their actions against an employer are made whole again, the statute mandates an award of attorneys' fees in addition to any judgment awarded to a plaintiff." (cleaned up)); *id*. at 1291 n.9 ("The award [of attorneys' fees] clearly supports the purpose of the WPCL; namely, permitting [the employee] to collect the severance payment which he was owed without causing him to incur the costs associated with the collection." (cleaned up)).

In this way, the WPCL serves as a bulwark against employers forcing employees to avail themselves of the court system to receive the wages due to them under a contractual agreement. Indeed, the mandatory nature of attorneys' fees in this context further supports our interpretation of the term "payable":

> After considering § 260.9a(f) in the context of the entire statute, keeping in mind the statute's purpose of protecting employees and the remedial relief it seeks to provide, we conclude that the legislature intended a mandatory award of attorneys' fees for a plaintiff who prevails on a claim pursued under the [WPCL]. This interpretation is consistent with the general import of the statute, and goes to the very essence of its goal of making an employee whole again. Otherwise, employees who are unjustly deprived of their wages by their employers may be deterred from filing suit because of burdensome legal costs. Similarly, employees who do file suit and are successful would be subjected to payment of a substantial part of their award (which represents earned compensation) as attorneys' fees. This would clearly undermine the intent of the statute; because employees who are unable to retain their wages will not be made whole. Without an award of attorneys' fees the end result would be only a partial recovery under the statute. Therefore, under the WPCL, an employee who has prevailed on a claim for **past wages due**, is entitled to attorneys' fees as a matter of entitlement.

*Oberneder v. Link Computer Corp.*, 674 A.2d 720, 722 (Pa.Super. 1996) (cleaned up, emphasis added).

The Majority asserts that my interpretation renders the WPCL grace period "a mere suggestion" and would permit "an employer to drag its feet for months and escape liability for liquidated damages by finally paying the employee's due and payable wages just before the employee files suit." Majority at 12-13. Respectfully, that may only be the case where an employee

chooses to sit on his rights. The WPCL was not written to protect dilatory enforcement, and this Court cannot read more into the statute than what is plainly provided for on its face. The legislature chose not to provide relief under the WPCL any time an employee is paid in an untimely manner, and it is beyond our purview to expand its scope to provide for such an action. Rather, the WPCL protects plaintiffs by allowing them to recover wages due at the time of filing a suit. Only after clearing that initial hurdle may a subset of plaintiffs pursue additional, liquidated damages.

Consequently, insofar as the court granted Aita's motion for summary judgment and denied NCB's motion for summary judgment based on an impermissible expansion of the scope of the WPCL, I would find that it erred. Since it is undisputed that no wages were payable to Aita at the time he filed the instant suit under the WPCL, as a matter of law he was not entitled to relief. The trial court should have granted NCB's motion for summary judgment and denied Aita's cross-motion for summary judgment. Accordingly, I would reverse the order of the trial court and remand for the court to enter judgment in favor of NCB and against Aita on the WPCL claim.[6]

For the foregoing reasons, I am compelled to dissent from the opinion of my esteemed colleagues.

_____

[6] In light of my proposed disposition, I would not reach NCB's remaining claims or the issue raised in Aita's cross-appeal.

- 18 -

Judge Stabile, Judge Dubow, and Judge Sullivan join this Dissenting Opinion.